**WYOMING FARM BUREAU MUTUAL IN-SURANCE COMPANY, Inc., a corporation, Appellant (Plaintiff below),**

v.

**AMERICAN HARDWARE MUTUAL IN-SURANCE COMPANY, a corporation, Appellee (Defendant below).**

**AMERICAN HARDWARE MUTUAL IN-SURANCE COMPANY, a corporation, Appellant (Defendant below),**

v.

**WYOMING FARM BUREAU MUTUAL IN-SURANCE COMPANY, Inc., a corporation, Appellee (Plaintiff below).**

**Nos. 3950, 3951.**

Supreme Court of Wyoming.

July 15, 1971.

Rehearing Denied Aug. 19, 1971.

Paul B. Godfrey, Cheyenne, for Wyoming Farm Bureau Mutual Ins. Co., Inc.

Carl L. Lathrop, of Lathrop, Lathrop & Uchner, Cheyenne, for American Hardware Mutual Ins. Co.

Before McINTYRE, C. J., and PARKER, McEWAN and GRAY, JJ.

Chief Justice McINTYRE delivered the opinion of the Court.

A declaratory judgment suit was brought in the district court by one insurance company against another insurance company to have the court determine and declare which company should defend and pay damages in connection with an accident.

Wyoming Farm Bureau Mutual Insurance Company, Inc. had issued an automobile liability policy to Clarence Milton Brawley, on an automobile which was not involved in the accident. American Hardware Mutual Insurance Company had insured Excelsior Motors Company of Rock Springs, Wyoming, under a garage liability insurance policy. Brawley was considering the purchase of a Kenworth truck from Excelsior Motors and was driving the truck for demonstration purposes when he collided with a pickup belonging to Wyoming Game and Fish Commission.

The question is which insurance company is liable for damages to the pickup and which should defend the action if suit is brought by the Game and Fish Commission. Each company claims the other company has primary liability and should pay damages or defend.

The district court held liability under each policy comes in an excess insurance clause; and that except for arrangement and use of words, the clauses are identical, providing in each case that coverage is excess to any other insurance available. Thus, the court found the clauses mutually repugnant to each other.

Basing its decision therefor on Farmers Insurance Exchange v. Fidelity & Casualty Company of New York, Wyo., 374 P.2d 754, the court held the liability of the insurers must be prorated in proportion to the liability limits provided by the respective policies. Both companies have appealed from that holding.

No doubt the general purpose of the critical clauses is the same and the same result is accomplished in each policy. We have made a thorough examination of the pertinent provisions of the two policies and are convinced they have the same effect. The trial court was correct in finding that the exclusionary provisions of both policies are mutually repugnant to each other and that liability should be prorated.

We examine first the Farm Bureau policy which was issued to Brawley. The

pertinent exclusionary language there employed is this:

> "* * * The insurance for any non-owned automobile * * * shall be excess insurance over any other valid and collectible insurance available to the named insured * * *."

This language is clear, unambiguous and understandable. It provides nothing but "excess" insurance for any "non-owned" automobile. It is not and cannot be disputed that the Kenworth truck involved in the accident was a "non-owned" vehicle.

Counsel for American Hardware does not dispute what we have just said. In fact, he terms the clause in the Farm Bureau policy an "automobile excess clause." He terms the pertinent language in his company's policy a "garage escape clause." He then argues that the escape clause relieves his company from any liability. We cannot agree it does.

Before turning to the policy of American Hardware, however, we first want to analyze the excess clause in Farm Bureau's policy a bit more. There are three situations which could be involved. They are these: (1) Where there is other collectible insurance sufficient to cover the damages; (2) where there is other collectible insurance which is not sufficient to cover all the damages; and (3) where there is no other collectible insurance.

The result in these situations would be as follows: In situation (1) no damages are collectible under the policy; in situation (2) insurance under the policy would apply to the excess over coverage in the other insurance; and in situation (3) insurance under the policy would apply all the way.

In the policy issued by American Hardware to Excelsior Motors, the escape or exclusion provisions we are interested in are contained in an endorsement. The language of the endorsement, insofar as pertinent to our decision, is this:

> "In consideration of the reduced rate of premium made applicable to the Garage Liability Insurance, it is agreed that garage customers are not insureds with respect to the automobile hazard except in accordance with the following additional provisions:

> "1. If there is other valid and collectible insurance, whether primary, excess or contingent, available to the garage customer and the limits of such insurance are sufficient to pay damages * * *, no damages are collectible under this policy.

> "2. If there is other valid and collectible insurance available to the garage customer, whether primary, excess or contingent, and the limits of such insurance are insufficient to pay the damages * * *, then this insurance shall apply to the excess of damages * * *.

> "3. If there is no other valid and collectible insurance, whether primary, excess or contingent, available to the garage customer, this insurance shall apply * * *."

When each of the three paragraphs in the foregoing endorsement are read along with the respective three situations we have referred to in analyzing Farm Bureau's excess clause, it becomes clear that the excess clause of Farm Bureau and the so-called escape clause of American Hardware provide identical coverage.

For example, situation (1) was where there is other collectible insurance sufficient to cover the damages. That is exactly the situation dealt with in paragraph 1 of the garage endorsement. We said of situation (1) no damages are collectible under the policy. That is precisely what paragraph 1 of the garage endorsement provides, for such a situation.

Likewise, situation (2) was where there is other collectible insurance which is not sufficient to cover all the damages. Paragraph 2 of the endorsement deals with the same situation. In that situation, insurance under each policy applies to the excess over coverage in the other policy.

Paragraph 3 of the endorsement is like what we have referred to as situation (3). It deals with the situation where there is

no other collectible insurance. Both policies provide coverage all the way for such a situation.

Counsel for American concedes courts were holding companies liable with "escape" clauses like his company has, but that was before the words "whether primary, excess or contingent" were added in each of the three paragraphs of the endorsement, he says. He argues these words relieve the company from any liability where there is "excess" insurance in another policy. Such an argument cannot be accepted.

The words add nothing because the question in each paragraph is whether there is "other collectible insurance available." It matters not what name or classification is given to such other insurance. The result would have been the same if the paragraphs had referred to other collectible insurance available, "of any kind." Counsel seeks to read the paragraphs as if they said "other insurance, whether primary, excess or contingent," leaving out the consideration that such other insurance must be valid, collectible and available.

The trial court in this case stated, while the garage policy mentions "primary, excess or contingent," certainly these are included in Brawley's policy which says "any other insurance." The court commented that one policy itemizes; the other includes by general reference.

The Court of Appeal of Louisiana, First Circuit, in Graves v. Traders and General Insurance Company, La.App., 200 So.2d 67, 78, dealt with a similar argument and stated the only difference is the addition of extra adjectives. It said the word "other" without qualification would, in the normal course of things, be taken to mean any other insurance of any kind whatsoever.

Incidentally, that court concluded "excess" and "escape" clauses similar to the ones we are dealing with were mutually repugnant and consequently both rendered ineffective.

On appeal, at 252 La. 709, 214 So.2d 116, the Supreme Court of Louisiana affirmed and approved the treatment of the *Graves* case by the First Circuit, except that it amended the method of prorating. A United States District Court of Louisiana adopted the same reasoning and held "other insurance" clauses mutually repugnant, in Voisin v. Ocean Protein, Inc., D.C.La., 321 F.Supp. 173, 177–178.

In Rocky Mountain Fire & Casualty Company v. Allstate Insurance Company, 13 Ariz.App. 31, 474 P.2d 38, 43, the court said it `did not believe the adjectives "whether primary, excess or contingent" added anything to the all-inclusive word "other." The specific language was therefore held not to prevail over the less specific; and the court concluded, where the primary purpose of both insurance policies is to provide expanded coverage and secondarily to limit liability and exposure in the event other insurance is available, effect would be given to that intent in an equitable manner by requiring both insurers to provide coverage on a pro rata basis.[1]

Like the trial court, we consider Farmers Insurance Exchange v. Fidelity & Casualty Company of New York, Wyo., 374 P.2d 754, controlling and decisive of the case before us. The prorating of liability in proportion to the liability limits provided by the respective policies is the only equitable disposition of the case. There is no reason why equity should not apply and it is sufficient justification for prorating.

Affirmed.

1. See also the note, "Automobile Liability Insurance—Effect of Double Coverage and 'Other Insurance' Clauses," 38 Minn. L.Rev. 838, and particularly the conclusion at 856.