Charles M. KEEBLE et al.

v.

**ALLSTATE INSURANCE COMPANY.**

Civ. A. No. 7472.

United States District Court,
E. D. Tennessee, N. D.

Nov. 5, 1971.

Charles B. Lewis, Morton, Lewis & King, Knoxville, Tenn., for plaintiffs.

Robert L. Cheek, Cheek, Taylor & Groover, Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This case involves the construction of an uninsured motorist endorsement of an insurance policy issued by Allstate Insurance Company in which Charles M. Keeble is the principal named insured.

Plaintiffs were injured in an accident while riding in a car driven by plaintiff Charles M. Keeble and owned by his estranged wife, plaintiff Zeola Keeble. Besides the driver, the other occupants of the car were Zeola Keeble and their two children, Charles M. Keeble, Jr. and Robert Harold Keeble. The car was struck by an uninsured motorist against whom judgments totaling $75,000.00 were rendered in this Court. At the time of the accident, Zeola Keeble had an insurance policy with $10,000/$20,000 uninsured motorist coverage with Aetna Casualty and Surety Company. In addition, Charles Keeble had a policy with $10,000/$20,000 uninsured motorist coverage with Allstate Insurance Company under which all the plaintiffs are insureds. Allstate defended the action against the uninsured motorist, under reservation of rights, and Aetna refused to participate therein. Aetna paid the policy limits for the coverage, but Allstate refuses to make payments on the judgments. Plaintiffs seek a recovery against Allstate in the amount of $20,000.00, the limits of its policy.

The parties have stipulated the material facts. Six briefs have been filed, three for each side. Attorneys for plaintiffs appear to have shifted positions within their briefs and in oral argument. In their first brief they contended: (1) that any attempt by the insuror to limit the effect of statutory requirements must be in derogation of the Tennessee statutes and void; (2) that it would be unconscionable to allow insurors to collect premiums for insurance coverage which they are required by statute to provide and then avoid payment of a loss because of a limitation language in the policy; (3) that the insurance is offered "for the protection of persons insured thereunder who are legally entitled to recover damages" and plaintiffs should be allowed recovery in full if there is insurance available.

In plaintiffs' third and final brief and in oral argument, they conceded that the limitation contained in the policy was not in derogation of the Tennessee statutes. Nor was it contended that the insuror collected premiums for coverage which was not extended. In that connection, the parties stipulated that Rex C. Davis, Pricing Director and Actuary for Allstate Insurance Company, at its home office in Northbrook, Illinois, if called as a witness would testify that the $7.00 premium charged and collected by Allstate for the uninsured motorist coverage was fixed upon the premise that no "stacking of insurance policies would be made."

Counsel for plaintiffs stated in oral argument that the sole provision of the policy in controversy was paragraph 7 [1] under "Conditions" of the policy captioned "Other Insurance." He contended that this provision is ambiguous, internally inconsistent and, therefore, invalid. The first unnumbered paragraph in this provision states that the provision shall apply only as excess insurance over any other similar insurance available to the insured and applicable to the automobile as primary insurance, "and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance."

█ The parties stipulated that under Tennessee law an insurance company cannot write uninsured motorist coverage in excess of $10,000.00 for injuries to one person arising out of one accident, or in excess of $20,000.00 for injuries to two or more persons arising out of the same motor vehicle accident; and, that an insurance company cannot write uninsured motorist coverage for less than the above $10,000/$20,000 coverage. Plaintiffs argue that under Tennessee law Allstate could never be held for excessive insurance. Ergo, say plaintiffs, paragraph 7 which only deals with excess insurance, is misleading in that the language that limits liability for coverage to the limit of liability for such other insurance is inconsistent, misleading and ambiguous, since plaintiff believed that he was getting excess coverage. Plaintiffs say further that the second unnumbered paragraph of the "other insurance" provision conflicts with the language in the first unnumbered paragraph of that section. Therefore, the entire provision is ambiguous and should be construed against the defendant because the defendant wrote the policy.

The first portion of paragraph 7 frequently is called an "excess clause." The second usually is called a "pro rata clause." 28 A.L.R.3d 552, n. 2. The excess clause provides that where bodily injury occurs to an insured while occupying an automobile not owned by the principal named insured, the insurance under the uninsured motorist endorsement "shall apply only as excess insurance over any similar insurance available to such insured and applicable to such automobile as primary insurance." In this case, the insureds were injured while in a car not owned by the principal named insured, thus rendering the excess clause applicable to them.

█ It should be noted that the excess clause expressly limits the amount of excess insurance coverage to the amount by which the insurance under the endorsement exceeds the applicable limits of any primary insurance. For example, in some states the limits of uninsured motorist coverage are $5,000/$10,000 rather than $10,000/$20,000. In cases arising out of those policies, Allstate would be liable to the injured insured parties in the amount of the difference between $5,000.00 and $10,000.00 and $10,000.00 and $20,000.00. (We were advised during the argument that some states provide for $5,000/$10,000 coverage and other states provide for more than $10,000/$20,000 coverage.) As the ap-

1. "7. *Other Insurance.* With respect to bodily injury to an insured while occupying an automobile not owned by the principal named insured, the insurance under this endorsement shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.

"Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this Coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."

plicable limits of the two policies in this case are identical, Allstate is relieved from any liability to the plaintiffs since plaintiffs received the benefits up to $20,000.00 of uninsured motorist coverage.

■ The pro rata clause of Section 7 begins with the phrase "Except as provided in the foregoing paragraph [meaning the excess insurance clause]." That language means that the second paragraph (pro rata clause) is applicable only when the first paragraph (excess clause) is not applicable. Thus, there is no conflict or ambiguity in the language contained in the two paragraphs. It follows that since the plaintiffs come within the terms of the excess clause, the pro rata clause is not applicable.

■ Defendant asserts that the purpose of the excess clause is to prevent proration of coverages where there are two uninsured motorist coverages available and the other insurance is primary. The clause "the insurance under this endorsement shall apply only as excess insurance over any other similar insurance available to such insureds and applicable to such automobile as primary insurance," and the clause "and this insurance [meaning the excess insurance] shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance" when read together in the same sentence do not permit stacking of uninsured motorist coverage. All the excess clause does is to limit recovery under the endorsement to the difference between the liability limits of the two policies when the Allstate limit is the higher one.

Since the policy does not permit stacking, it is not deemed necessary to discuss the various cases cited in the briefs in which the courts in nine states held that stacking was not permitted in uninsured motorist coverage and the courts in twelve states held that stacking was permitted.

The Indiana District Court in the case of Simpson v. State Farm Mut. Automobile Ins. Co., D.C., 318 F.Supp. 1152, a case relied upon by plaintiffs, construed an excess insurance clause in a State Farm policy almost identical to the one under consideration. In that case, the Court said in part:

"It is true, as defendant contends, that said clause would constitute a complete defense to the action if valid, as the insured . . . was injured while occupying an automobile not owned by the named insured . . ., other insurance was available and paid to her, and all policies involved, including the other insurance, contained identical limits . . . as to any one person. [There was only one injured party insured under the State Farm policy.] *The clause is not ambiguous.* Therefore, the principal question is . . . whether [the clause] is valid in light of the statute [which is comparable to T.C.A. § 56–1148]." p. 1154.

Thus, the conclusion in our case is inescapable that Allstate has expressly limited its liability under its excess clause so as to prevent stacking of uninsured motorist coverage.

■ T.C.A. § 56–1152 permits Allstate to limits its liability as created in T.C.A. § 56–1148. Section 56–1152 reads:

"Nothing contained in §§ 56–1148 —56–1153 shall be construed as requiring the forms of coverage provided pursuant to §§ 56–1148—56–1153, whether alone or in combination with similar coverage afforded under other automobile liability policies, to afford limits in excess of those that would be afforded had the insured thereunder been involved in an accident with a motorist who was insured under a policy of liability insurance with the minimum limits described in § 59–1206 [that is 10/20/5]. Such forms of coverage may include such terms, exclusions, limitations, conditions, and offsets, which are designed

to avoid duplication of insurance and other benefits."

Plaintiffs argue that the foregoing statute was intended to permit setoffs for medical payments and allied losses otherwise due under a single policy and did not encompass duplication by other insurance policies. This position is untenable in light of the express provision in the first sentence of the statute "whether alone or *in combination* with similar coverage afforded *under other automobile liability policies.*" (Emphasis added.)

The effect of Section 56–1152 is to permit an insuror to limit uninsured motorist coverage to the minimum coverage required by Section 59–1206 [2] T.C.A. Its apparent intent is to prevent stacking of uninsured motorist coverage. The Tennessee Supreme Court has recognized the permissibility of limitations by insurance companies set forth in this statute. Jenkins v. State Farm Mut. Ins. Co. (opinion filed August 3, 1970), appealed from Davidson County Equity, aff'd, C.C.H. 1970 Automobile Insurance Cases, No. 137–53, p. 6711.

The Court in the *Simpson* case implies that if Indiana had a statute similar to Tennessee's § 56–1152 it would have reached an opposite result. The *Simpson* case appears to be stronger authority for the position of Allstate than plaintiffs.

■ Counsel for plaintiffs during the argument stated that the "other insurance" clause contained in Allstate's policy is a standard clause used by insurance companies throughout the United States; that it has been approved by the Insurance Commissioner of Tennessee;

that as applied generally it is neither ambiguous nor inconsistent. He contended, however, that as applied to the facts in the case under consideration it is ambiguous and inconsistent. In support of that contention, he cited the case of United Services Automobile Ass'n v. Dokter, 86 Nev. 917, 478 P.2d 583. In that case, the Nevada Court had before it the "other insurance" clause which contained language that appears to be identical with the language in the policy under consideration. In that case, the same insurance company issued the two insurance policies that were involved which contained a $10,000/$20,000 provision. Plaintiff was struck and injured by an uninsured motorist. At the time of the accident he owned two cars, each insured by a separate policy. Plaintiff's damages exceeded $20,000.00. The question was whether plaintiff was entitled to recover under both policies. The District Court ruled in plaintiff's favor. The issue was whether a pedestrian who is named insured under two automobile policies written by the same company can recover under the uninsured motorist provision of each policy where each includes a "other insurance" clause prorating the loss between available policies and determining the loss not to be in excess of the applicable limits of the available policies. The Court observed that the "other insurance" clause was not free from ambiguity in the context of the case. Its purpose, as stated by the Court, was twofold: (1) to prorate the loss and (2) to fix the limit thereof. There was no purpose in proration since one company wrote both policies. It was held that since the insured could not reasonably anticipate the construction

2. "59–1206. *Requirements as to policy or bond.*—(a) No policy or bond shall be effective under § 59–1205 unless issued by an insurance company or surety company authorized to do business in this state, except as provided in subparagraph (b) of this section, nor unless such policy or bond is subject, if the accident has resulted in bodily injury or death, to a limit, exclusive of interest and cost, of not less than ten thousand dollars ($10,-000) because of bodily injury to or death

of one (1) person in any one (1) accident, and, subject to said limit for one (1) person to a limit of not less than twenty thousand dollars ($20,000) because of bodily injury to or death of two (2) or more persons in any one (1) accident, and if the accident has resulted in injury to, or destruction of, property to a limit of not less than five thousand dollars ($5,000) because of injury to or destruction of property of others in any one (1) accident."

urged, the "other insurance" clause was ambiguous under the facts of the case and must be construed against the insuror. An award was made to the plaintiff in the combined total amount of the two policies since plaintiff sustained actual damages to that extent.

Judge Young, in his dissent, held that there was no ambiguity in the "other insurance" clause. He observed that there was no ambiguity where two different insurance companies were involved, but that an ambiguity arises when the same insurance company issues two policies to the same person. He stated that the Court was concerned with insurance policies and their interpretation and not with insurance companies. We prefer the rationale in his dissent over that in the majority opinion.

In the opinion of the Court, there is no ambiguity in paragraph 7 of Allstate's policy as contended by the plaintiffs. For this reason, and for others previously discussed, Allstate is not liable to the plaintiffs in any amount and the motion of defendant for summary judgment is sustained.