JOHN J. WALTON, Plaintiff-Appellee, *v.* STATE FARM
MUTUAL AUTOMOBILE INSURANCE COMPANY,
Defendant-Appellant

NO. 5411

FEBRUARY 19, 1974

RICHARDSON, C.J., LEVINSON, KOBAYASHI and
OGATA, JJ., and CIRCUIT JUDGE LANHAM
ASSIGNED TEMPORARILY BY REASON OF VACANCY

OPINION OF THE COURT BY OGATA, J.

On May 27, 1971, plaintiff-appellee (hereinafter appellee or appellee-insured) was seriously injured in an automobile accident while riding as a passenger in the car of Gary Seto. Appellee's host driver (Seto), and appellee himself both carried uninsured motor vehicle coverage as the named insureds of separate automobile liability insurance policies. The driver of the other vehicle involved in the automobile accident was an uninsured motorist. Appellee collected from host driver Seto's insurer the amount of $10,000, the maximum amount recoverable under the uninsured motorist provisions of Seto's policy.

Subsequently, appellee obtained a final judgment against the uninsured motorist for the sum of $25,000. No portion of

the judgment has been collected by appellee, because, following the entry of judgment against him, the uninsured motorist filed a voluntary petition in bankruptcy. Appellee then sought to collect $10,000 from defendant-appellant, appellee's own insurer (hereinafter appellant or appellant-insurer) which amount appellee claimed pursuant to the provisions of his own insurance policy relating to uninsured motor vehicle coverage. Appellant denied appellee's claim of coverage, and thereafter, appellee filed a complaint against appellant for $10,000. The circuit court granted appellee summary judgment in the amount of $10,000 against appellant on November 8, 1972. We affirm.

Appellant contends that the circuit court erred in ruling as null and void a clause of the insurance policy upon which appellant relies and which specifically excludes coverage for appellee in accident situations such as that here involved. The clause specifically states that with respect to coverage for bodily injury sustained by an insured while occupying a motor vehicle not owned by that insured, the uninsured motorist insurance provisions of the occupant-insured's policy provide only "excess" insurance over other applicable insurance coverage of the occupant-insured. This type of uninsured motorist coverage is termed "excess," because it applies only to the extent that its limits exceed the limits of any *other* uninsured motorist insurance proceeds available to the occupant-insured.[1] Since appellee, as passenger of his host driver's car, had already collected $10,000 from his host driver's insurer, and since appellee-insured's uninsured motorist coverage under the policy with appellant-insurer was in the maximum amount of $10,000, the provision noted above, if valid, excuses appellant-insurer from any duty to pay appellee any sum whatsoever arising from this accident,

---

[1] The exact language of the provision relied upon in the policy is as follows:

Under coverage U [uninsured motorist provisions] with respect to *bodily injury* to an *insured* while *occupying* a motor vehicle not owned by a named insured under this coverage, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of liability of all such other insurance. [Emphasis in the original.]

notwithstanding appellee's outstanding judgment against the uninsured motorist in the amount of $25,000.

The question before us is a narrow one. We must decide whether the provisions of the insurance policy cited above, and relied upon by appellant, shall be allowed to stand, in view of HRS § 431-448. The statute reads in pertinent part as follows:

> § 431-448 Automobile liability; coverage for damage by uninsured motor vehicle. No automobile liability or motor vehicle liability policy . . . shall be delivered, issued for delivery, or renewed in this State . . . unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in section 287-7, under provisions filed with and approved by the insurance commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles . . . provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage in writing.

Although it is clear that the policy provisions here at issue were approved by the insurance commissioner, this approval is not dispositive of the issue before us. Even disregarding the probably warranted assumption that approval by the commissioner is perfunctory and nondeliberative, it is evident that the commissioner would have no authority to approve any policy provisions that are in contravention of any part of the Hawaii Insurance Law, ch. 431 of HRS, § 431-35(a). *See, Sullivan v. Doe,* 159 Mont. 50, 61, 495 P.2d 193, 199 (1972); *Simpson v. State Farm Mutual Automobile Ins. Co.,* 318 F. Supp. 1152, 1156 (S.D. Ind. 1970).

Although the issue involved herein is of first impression in Hawaii, it has been the subject of numerous decisions in other jurisdictions, and we are confronted at the outset with a split in authority. The rule adopted in a very heavy majority of the jurisdictions that have dealt with the issue on appeal is that state statutory provisions, in many cases totally or very substantially identical with HRS § 431-448, must be interpreted

as invalidating clauses in insurance policies that, if effectuated, would reduce the benefits directly payable by the injured-insured's insurer to a sum below the statutory minimum. The statutory minimum in Hawaii is incorporated by reference within HRS § 431-448, and is "not less than $10,000 because of bodily injury to . . . one person in any one accident." HRS § 287-7. The minority rule is that provisions such as HRS § 431-448 do not invalidate clauses in policies that would reduce insured's actual coverage from his own insurer below the statutory minimum so long as the clauses, such as the "other insurance" clause involved herein, when effectuated, do not result in an insured's *total* recovery from *all* sources being less than the minimum limits prescribed by the state financial responsibility law, determined in Hawaii by HRS § 287-7.

In *Blakeslee v. Farm Bureau Mutual Ins. Co. of Michigan,* 388 Mich. 464, 470-72, 201 N.W.2d 786, 789-90 (1972), the Michigan court found nineteen state courts, and one federal court applying state law, to have disallowed "other insurance" limitations such as that here at issue as contrary to the state statute on "uninsured motorist" insurance requirements.[2] In contrast, states adopting the minority view are only barely one third as numerous.[3] Recent trends reveal that at least eight additional states have now also chosen the majority rule.[4]

---

[2] These cases are listed in fn. 5, 388 Mich. at 471-72, 201 N.W.2d at 789-90.

[3] Of the eight cases cited in *Blakeslee* for their statements of the minority view, fn. 6, 388 Mich. at 472, 201 N.W.2d at 790, three are acknowledged by *Blakeslee* to be in point. Actually, *Martin v. Christensen,* 22 Utah 2d 415, 454 P.2d 294 (1969). is inapposite because of very different policy terms and different statutory language. However, the Illinois case, noted *infra* in fn. 4, is in point as a statement of the minority view. The three apposite cases setting out the minority view are reviewed, *infra,* in the text.

[4] State supreme court decisions that align with the majority include: *Pickering v. American Employees Insurance Co.,* 109 R.I. 143, 282 A.2d 584 (1971); *Sullivan v. Doe,* 159 Mont. 50, 495 P.2d 193 (1972); *Pleitgen v. Farmers Insurance Exchange,* Minn. , 207 N.W.2d 535 (1973), citing *Van Tassel v. Horace Mann Ins. Co.,* Minn. , 207 N.W.2d 348 (1973); *Westphal v. Amco Insurance Co.,* S.D. , 209 N.W.2d 555 (1973); *Fidelity and Casualty Co. of New York v. Darrow,* 161 Conn. 169, 286 A.2d 288 (1971).

Because the issue in the case at bar is one of statutory interpretation, none of the preceding cases can be dispositive. In any event, a mere preponderance in the number of jurisdictions espousing given positions is also not independently persuasive in assessing the respective merits of the majority as against the minority rule. However, we think that the majority rule expresses the better view, and we adopt it as a correct statement of the law in this jurisdiction.

A study of the cases cited for the minority view reveals that the minority rule validating such "other insurance" clauses has but a weak foundation that crumbles like a castle of sand on closer examination. The minority rule cases either cite case authority later repudiated, or build upon case law completely inapposite due to the important distinguishing feature of the absence of any statute having provisions similar to those of HRS § 431-448. *See discussion, Simpson v. State Farm Mutual Automobile Insurance Co.*, 318 F. Supp. 1152, 1154-56 (S.D. Ind. 1970). Upon turning to the reasons given by the actually apposite case law in order to support the minority viewpoint, comparable inadequacies are discovered. The

---

Lower and intermediate court rulings (in accordance with the majority view), in jurisdictions where the state supreme court has not yet definitively ruled, include: *Steinhaeufel v. Reliance Insurance Companies*, 495 S.W.2d 463 (Mo. App. 1973); *Alliance Mutual Casualty Co. v. Duerson*, Colo. App.    ; 510 P.2d 458 (1973) (alternative holding); *McFarland v. Motor Club of American Insurance Co.*, 120 N.J. Super. 554, 295 A.2d 375 (1972).

A recent federal court ruling "applying" state law (and reaching a result in accordance with the majority view) is *Tulley v. State Farm Mutual Automobile Insurance Co.*, 345 F. Supp. 1123 (S.D. W. Va. 1972).

On the other hand, apparently the only recent cases that align with the minority are: *Morelock v. Millers' Mutual Ins. Ass'n of Illinois*, 49 Ill. 2d 234, 274 N.E.2d 1 (1971); and *Keeble v. Allstate Insurance Company*, 342 F. Supp. 963 (E.D. Tenn. 1971). It may be noted parenthetically that the Illinois supreme court case reverses an Illinois appellate court ruling cited as determinative of the law in one of the nineteen "majority" jurisdictions, fn. 5, 388 Mich. at 471-72, 201 N.W.2d at 789-90.

It may also be noted parenthetically that, although the Kansas authority cited in fn. 5 of the *Blakeslee* case, 388 Mich. at 471-72, 201 N.W.2d at 789-90, *i.e., Sturdy v. Allied Mutual Ins. Co.*, 203 Kan. 783, 457 P.2d 34 (1969) is not really in point, the issue involved in *Blakeslee* and in the case at bar was adjudicated in *Clayton v. Alliance Mutual Casualty Co.*, Kan.   , 512 P.2d 507 (1973), and the Kansas court there held in conformity with the majority view invalidating "other insurance provisions as conflicting with state statutes on "uninsured motorist" insurance requirements.

chief reasons given to defend the minority view by the apposite cases are two in number.

First, it is contended that uninsured motorist statutes, such as HRS § 431-448, are enacted only in order to assure protection in an amount equal to the amount that would have been payable had the uninsured motorist been insured for the *minimum* required by statute for any vehicle insurance policy. *M. F. A. Mutual Ins. Co. v. Wallace,* 245 Ark. 230, 431 S.W.2d 742 (1968); *Morelock v. Millers' Mutual Ins. Ass'n of Illinois,* 49 Ill. 2d 234, 274 N.E.2d 1 (1971); *Maryland Casualty Company v. Howe,* 106 N.H. 422, 213 A.2d 420 (1965). Though there may be information from legislative history that supports such bald statements by the Arkansas, New Hampshire, and Illinois courts, it remains unarticulated. Other jurisdictions have found their state statute's legislative history to suggest an opposite conclusion.[5] The legislative history in Hawaii is not fully dispositive of the effect of HRS § 431-448 as to "other insurance" clauses in insurance policies. Standing Committee Report 194 on H.B. 26 (which became HRS § 431-448), 1965 House Journal, page 582, states in part:

> The purpose of this bill is to promote protection, through voluntary insurance, for persons who are injured by uninsured motorists who cannot pay for personal injuries caused by motor vehicle accidents. . . .

While admittedly not determinative because of its nebulosity, "protection" as a statutory purpose is much more readily construed to invalidate, rather than validate, "other insurance" provisions, such as here relied upon by appellant-insurer, in cases such as this where appellee-insured has been damaged to the extent of $25,000, and yet has been compensated therefor only to the extent of $10,000. In such a context, to accomplish the *protective* purpose of HRS § 431-448, we deem the legislature to have intended that the "other insurance" provisions be rendered invalid by § 431-448.

---

[5] See the citations suggested by fn. 2, and the cases cited in the first, second, third, and fifth paragraphs of fn. 4.

A second, correlative argument presented by appellant-insurer in advocacy of the minority view is that to invalidate the "other insurance" provisions of the policy would permit inequitable "stacking" or "pyramiding" by allowing appellee-insured to be placed in a better position than he would have been had the uninsured motorist been insured for the statutory minimum. The simple reply is that there is no reason to conjecture about how much insurance the uninsured might have had, had he had any at all, by assuming that he would have had $10,000. Any motorist might have more insurance than $10,000, or, if he be a self-insurer, the hypothetical "other driver" might have had ability to satisfy judgments in excess of the statutory minimum of $10,000. *Compensation for the injured party* is the more important focus of inquiry. Therefore, there would be inequity only if insured tried to "pyramid" or "stack" several policy provisions to build up to a sum beyond his damage, and thus gain a windfall. But where the "pyramiding" or "stacking" would result in a sum equal to or less than insured's damage, to refuse to permit pyramiding would award the *insurer* the windfall, based on the none too compelling assumption that the uninsured would have only been insured to the statutory minimum. "This assumption is not required and we cannot accept it. What [insured] would have received from an uninsured motorist is purely a matter of speculation." *Werley v. United Services Automobile Association*, 498 P.2d 112, 119 (Alaska 1972).

We believe that the majority rule is better grounded in logic and reason than is the minority view. In addition, two other, supplementary arguments have been adduced in defense of the majority position. First of all, permitting recovery under both uninsured motorist coverages (but only until insured is indemnified for losses) avoids the potentially intricate problems involved in deciding whether injured-insured's own, or host driver's own, "uninsured motorist" coverage is considered the "excess" (or "secondary coverage") where both injured-insured and host driver have policy provisions such as those involved in the case at bar. Both insurers could, and sometimes have, disclaimed liability by pointing to the

other insurer as the "primary" insurer. The key policy word is "available."[6] It has been held that in such cases *neither* "other insurance" provision is valid. *Lamb-Weston, Inc. v. Oregon Auto Ins. Co.*, 219 Ore. 110, 341 P.2d 110 (1959); *Werley v. United Services Automobile Association, supra,* at 116-120.

Secondly and most importantly, it has been held to be unconscionable to permit an insurer to collect a premium for coverage of a type that the insurer is obligated by statute to provide and then to permit the insurer to use language insurer itself devised to avoid liability. *Simpson v. State Farm Mutual Automobile Insurance Co.*, 318 F. Supp. 1152, 1156 (S.D. Ind. 1970); *Blakeslee v. Farm Bureau Mutual Ins. Co.*, 388 Mich. 464, 474, 201 N.W.2d 786, 791 (1972). More pithily stated: "[insurer] charged a premium for the coverage; it cannot be permitted to vanish as the pea in the shell game", *Kraft v. Allstate Insurance Company*, 6 Ariz. App. 276, 431 P.2d 917 (1967).

We hold that the "other insurance" clause relied upon by appellant-insurer is void under HRS § 431-448 for the above stated reasons. The motion for summary judgment was correctly decided.

Affirmed.

*James E. Duffy (Wallace S. Fujiyama* with him on the briefs, *Chuck* and *Fujiyama* of counsel) for defendant-appellant.

*Ton Seek Pai (Okumura* and *Takushi* of counsel) for plaintiff-appellee.

---

[6] Note the policy language set out in fn. 1.