76 F.3d 304
 96 Cal. Daily Op. Serv. 942, 96 Daily Journal
D.A.R. 1493
Marcia ABRAMSON, Individually and as Executor and Personal
Representative of the Estate of Maxwell Abramson, M.D.,
Deceased; Rebecca Abramson, Stuart Abramson and Deborah
Abramson Dickerson, Plaintiffs-Appellees,
v.
AETNA CASUALTY & SURETY COMPANY, a Connecticut corporation,
Defendant-Appellant.
 No. 94-15679.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 12, 1996.
Decided Feb. 9, 1996.
 
 Keith K. Hiraoka, Roeca, Louie & Hiraoka, Honolulu, Hawai'i, for defendant-appellant.
 Bert S. Sakuda and L. Richard Fried, Jr., Cronin, Fried, Sekiya, Kekina & Fairbanks, Honolulu, Hawai'i, for plaintiffs-appellees.
 Before: LAY,* GOODWIN and PREGERSON, Circuit Judges.
 LAY, Circuit Judge:
 
 
 1
 Maxwell Abramson, a resident of New Jersey, received fatal injuries while bicycling in Hawaii when he was hit by a car driven by an underinsured motorist. Abramson's estate, wife, and children ("the Abramsons") sought underinsured motorist benefits from Aetna Casualty and Surety Company ("Aetna") for each of the two automobiles insured under Abramson's policy with Aetna. The policy provided for underinsured motorist benefits up to $250,000 for each person injured. The policy also contained a prohibition against stacking. Stacking allows an insured to recover benefits up to the liability limits for each vehicle covered under the policy. In this case, stacking increases the maximum underinsured motorist benefits from $250,000 to $500,000.
 
 
 2
 The Abramsons filed suit against Aetna in federal district court in Hawaii seeking a declaratory judgment that the policy's anti-stacking provision was invalid. The district court, applying Hawaii law, found the anti-stacking provision invalid and granted summary judgment to the Abramsons. On appeal Aetna urges that the district court failed to properly apply New Jersey law on the basis that Abramson entered into the insurance contract with Aetna in New Jersey.
 
 
 3
 We find the district court properly applied Hawaii law in this case. This court has previously found Hawaii's choice-of-law approach "creates a presumption that Hawaii law applies unless another state's law 'would best serve the interests of the states and persons involved.' " Jenkins v. Whittaker Corp., 785 F.2d 720, 724 (9th Cir.) (quoting Peters v. Peters, 63 Haw. 653, 634 P.2d 586, 591 (1981)), cert. denied, 479 U.S. 918, 107 S.Ct. 324, 93 L.Ed.2d 296 (1986). We agree with the district court that Hawaii's interest in the application of Hawaii law to insurance policies governing automobile accidents--which is especially strong given the number of non-resident drivers in the state--is not outweighed by any other state's interests. Cf. Peters, 634 P.2d at 594-95 (applying Hawaii law to claim for auto insurance benefits as to intra-spousal immunity even though general rule is that issues of intra-family immunity are resolved by the law of the parties' domicile). The district court found New Jersey's interests in the insurance contract did not control the choice-of-law analysis because of the lack of any negotiation over the terms of the contract and the parties' expectations that the contract would cover the insured as he travelled throughout the United States and Canada.
 
 
 4
 Applying Hawaii law, it is clear that anti-stacking provisions in personal automobile insurance policies are not permitted to defeat fair compensation for persons injured by underinsured motorists, as the district court found. Allstate Ins. Co. v. Hirose, 77 Hawai'i 362, 884 P.2d 1138, 1140-46 (1994) (cases collected). Hawaii law recognizes, for reasons of public policy, that an insured be able to receive the amount of actual damage available to him under existing insurance agreements. See Estate of Calibuso v. Pacific Ins. Co., 62 Haw. 424, 616 P.2d 1357, 1360 (1980) (citing Walton v. State Farm Mut. Auto. Ins. Co., 55 Haw. 326, 518 P.2d 1399, 1402 (1974)). Aetna urges that all anti-stacking provisions are not invalid, however, citing Lee v. Insurance Co. of N. Am., 70 Haw. 120, 763 P.2d 567 (1988). In Lee, the insured attempted to stack 1106 uninsured motorist benefits under a Business Auto Policy for separate vehicles owned by the motor patrolmen of the Honolulu Police Department. The Hawaii Supreme Court observed this would provide a total of $27 million in uninsured motorist coverage. The court found the principle of stacking was designed to serve the public interest, and thus could not be extended indefinitely to the point where it no longer served that intent. Id. at 570. The reasoning in Lee, however, hardly extinguishes the "public interest" served by stacking in personal automobile insurance contracts. See Alan I. Widiss, Uninsured and Underinsured Motorist Insurance, § 13.15, at 645 (1990) (citing Estate of Calibuso, 616 P.2d at 1362).
 
 
 5
 Aetna also argues that the stacking principle is designed to serve only automobile owners insured and licensed in Hawaii under Hawaii's automobile insurance statutes. We disagree. Hawaii's public policy favoring stacking of insurance policies was of judicial, not statutory origin. See Walton, 518 P.2d at 1400-03.[1] In the recent case of Allstate Ins. Co. v. Hirose, the Hawaii Supreme Court addressed the certified question of whether a provision prohibiting stacking of multiple underinsured motorist coverages is unenforceable as contrary to Hawaii statutory law or public policy. 884 P.2d at 1139. Allstate argued that the court should honor the unambiguous terms of the policy's anti-stacking provisions because the Hawaiian legislature was silent on the issue of stacking of underinsured motorist coverage limits. Id. at 1140. The court rejected Allstate's argument. Looking at the legislative intent, the court noted the legislature explicitly left the issue of stacking to the judiciary, citing a committee report which said " '[j]udicial decisions on stacking of benefits are not affected by this bill, and it is your Committee's intent to leave the issue of stacking to judicial determination.' " Id. at 1140-41 (quoting Sen.Conf.Comm.Rep. No. 215, at 675 (1988)).
 
 
 6
 We conclude the district court correctly applied Hawaii law. We conclude that under such law anti-stacking provisions are invalid as to persons injured on Hawaii streets and highways, regardless of whether the insured owns and insures a vehicle licensed in Hawaii.
 
 
 7
 JUDGMENT AFFIRMED.
 
 
 
 *
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 [1]
 Walton provided four bases for its decision to allow stacking: (1) stacking was the clear majority rule and better grounded in logic and reason; (2) stacking avoids procedural problems in determining the priority of coverages where multiple coverages are involved and eliminates conflicts between primary and secondary coverages; (3) it was unconscionable to permit an insurer to collect a premium for the coverage and then allow the insurer to avoid payment by use of anti-stacking language; and (4) the statutory purpose of protection favored stacking. Id. at 1402-03