## ALLSTATE INSURANCE COMPANY, Plaintiff-Appellant, *v.* LINDARAE L. MORGAN, Defendant-Appellee

NO. 6237

FEBRUARY 28, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY OGATA, J.

This is an appeal from a declaratory judgment action brought by Allstate Insurance Company (hereinafter Allstate) seeking a determination of the limits of uninsured motorist coverage under an automobile insurance policy issued by Allstate to Donald Morgan. We are here faced with a situation in which three automobiles were insured under a single liability policy, but the insured was injured while operating a fourth, independently owned and insured motor vehicle which was struck by an uninsured motorist.

The precise question presented is whether the insured is limited under the single three-automobile liability policy to recover the uninsured motorist coverage on only one of the insured automobiles or is instead entitled to recover the uninsured motorist coverage on all three of the automobiles insured under the policy.

The court below granted summary judgment in favor of appellee Lindarae L. Morgan, thereby entitling her to recover up to $10,000 for each of the three vehicles insured under the policy, or a total maximum recovery of $30,000.[1] Allstate appeals from the Order Granting Motion for Summary Judgment. We concur in the result reached by the court below, but for substantially different reasons.

On October 20, 1973, Lindarae L. Morgan was operating a motor vehicle owned by Stanley Jumawan. The Jumawan vehicle was struck by an automobile owned and operated by Andre Patricio, and Lindarae Morgan was injured in the

---

[1] Each of the three insured vehicles carried $10,000 of uninsured motorist insurance coverage per person with a $20,000 overall recovery limit per occurrence.

collision. Andre Patricio's automobile was uninsured at the time of the accident.[2]

On the day of the accident, there was in effect an Allstate "Crusader" automobile insurance policy issued to Donald Morgan, who is the father of Lindarae Morgan. The policy provided coverage for three automobiles owned by Donald Morgan, and Morgan paid separate insurance premiums for each of the three cars. None of Morgan's three insured automobiles were involved in the October 20, 1973, accident.

Because Lindarae Morgan was actually residing in her father's household at the time of the accident, she qualifies as an insured under the uninsured motorist provisions of the Allstate insurance policy issued to her father. In September of 1975, Lindarae Morgan filed a demand for arbitration, claiming that $30,000 in uninsured motorist coverage was available to her under the Allstate policy issued to her father. The parties subsequently agreed to waive arbitration and to submit the matter for judicial determination. Allstate thereupon filed its complaint for declaratory relief.

In granting summary judgment in favor of appellee Lindarae Morgan, the court below determined that the terms of the Allstate insurance policy should be construed to permit "stacking" of the uninsured motorist coverage, thereby allowing Lindarae Morgan to recover $10,000 for each vehicle insured under the policy. The court found that when the "limits of liability clause" and the so-called "separability clause" contained in the policy were read in conjunction with each other, an ambiguity in interpretation resulted.[3] The

---

[2] Lindarae Morgan was able to recover $10,000 in uninsured motorist benefits from the insurance policy which covered Stanley Jumawan's motor vehicle. However, this recovery does not affect the issues now before us.

[3] The limits of liability clause provides in pertinent part as follows:

*Limits of Allstate's liability*

The limits of Allstate's liability stated on the Supplement Page under Coverage S as applicable to:

1. "each person" is the limit of Allstate's liability for all damages arising out of bodily injury sustained by one person in any one accident;

court determined that the separability clause provided separate coverage under the policy for *each* insured vehicle up to the applicable limit of liability, or $10,000 per person per insured vehicle. However, because none of the vehicles insured under the policy were involved in the accident, the effect of the separability clause upon the limit of liability clause was deemed to be ambiguous. The court below construed the ambiguity in favor of the insured, and it found that the insured was not confined to a recovery of only the stated limit for a single insured vehicle, but instead could "stack" the coverage on all three vehicles insured under the policy and recover a maximum of $30,000.[4]

Our analysis of this controversy is considerably simpler than that undertaken by the court below. We need only look to the Hawaii uninsured motorist insurance statute, HRS § 431-448, to find that the court below reached the proper result in affording appellee a maximum uninsured motorist insurance recovery of $30,000 from Allstate.

The nature of uninsured motorist insurance is such that an insured is covered whether or not he or she is injured while in a vehicle which is insured under the policy. The Allstate

---

2. "each accident" is, subject to the above provision respecting each person, the total limit of Allstate's liability for all such damages arising out of bodily injury sustained by two or more persons as the result of any one accident.

*     *     *     *     *

The separability clause provides in pertinent part as follows:

*Insurance on Two or More Automobiles*

When two or more automobiles are insured by this policy, the terms of this policy shall apply separately to each, . . . .

[4] We make clear at the outset that Allstate's suit for declaratory relief seeks no determination of the actual amount of damages suffered by appellee Morgan. It merely seeks a determination of the maximum insurance coverage potentially available to appellee Morgan under the uninsured motorist provisions of her father's policy. Therefore, regardless of what we determine Allstate's maximum potential uninsured motorist liability to be, appellee Morgan will be entitled to in fact recover no more than an amount sufficient to compensate for actual damages suffered. *See Walton v. State Farm Mutual Automobile Insurance Co.*, 55 Haw. 326, 332, 518 P.2d 1399, 1403 (1974).

policy here is consistent with that customary definition of uninsured motorist coverage.[5] Therefore, as an insured under the terms of her father's policy, Lindarae Morgan was entitled to recover uninsured motorist insurance benefits from Allstate even though she was injured while operating a vehicle not covered by the policy. The key determination thus becomes the maximum amount of uninsured motorist insurance to which she is entitled.

Our uninsured motorist insurance statute, HRS § 431-448, provides that no policy of automobile or motor vehicle liability insurance shall be issued in this state "with respect to any motor vehicle" unless uninsured motorist insurance protection is concurrently made available in the policy or supplemental thereto.[6] We are of the opinion that the phrase "with respect to any motor vehicle" indicates that separate uninsured motorist coverage in at least the

---

[5] The policy contains this provision:

*The following persons are insured under this Section*

1. The named insured and *his relatives while residents of his household;* and

2. Any other person while in or upon, entering into or alighting from the owned automobile provided the actual use thereof is by or with the permission of the named insured.

(Emphasis added). Lindarae Morgan qualifies as an insured under Category 1 of the above provision. Neither the above provision nor any other uninsured motorist provision in the policy requires that an insured under Category 1 must be in a vehicle insured under the policy at the time injury occurs in order to recover uninsured motorist insurance benefits.

[6] HRS § 431-448 provides:

*Automobile Liability; coverage for damage by uninsured motor vehicle.* No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle, shall be delivered, issued for delivery, or renewed in this State, with respect to any motor vehicle registered or principally garaged in this State, unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in section 287-7, under provisions filed with and approved by the insurance commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom, provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage in writing.

minimum statutorily required amounts must be provided for *each* automobile insured under a policy of liability insurance. Therefore, when two or more motor vehicles are insured under a single liability insurance policy, separate uninsured motorist insurance coverage is, in effect, created for each vehicle insured under the policy. Each vehicle insured under the policy thus carries a minimum of $10,000 in per person uninsured motorist insurance coverage.[7]

Applying this construction to the facts before us, we conclude that there was $10,000 of per person uninsured motorist coverage on each automobile insured under Donald Morgan's Allstate policy.

Therefore, we are of the view that Lindarae Morgan was entitled to potentially recover the statutorily provided minimum of uninsured motorist insurance for all three of the automobiles insured under her father's policy. To elaborate, Lindarae Morgan was protected under HRS § 431-448 to the extent of $10,000 in per person uninsured motorist insurance for each vehicle insured under the policy. Since three vehicles were insured under the policy, three separate coverages of $10,000 were available to her. As we have stated, this coverage was available to her *regardless* of whether or not she was injured while in one of the insured vehicles. Consequently, Lindarae Morgan is entitled to recover the combined total of $30,000 in uninsured motorist insurance benefits from Allstate.

While we do not agree with reasons stated by the court below in granting summary judgment in favor of appellee Lindarae Morgan, we hold that it did not err in entering such a judgment. *Federal Electric Corp. v. Fasi,* 56 Haw. 57, 527 P.2d 1284 (1974).

---

[7] HRS § 287-7 states the minimum statutory limits of liability as follows:

[E]very such [automobile liability] policy . . . is subject, if the accident has resulted in bodily injury or death, to a limit, exclusive of interest and costs, of not less than $10,000 because of bodily injury to or death of one person in any one accident and, subject to such limit for one person, to a limit of not less than $20,000 because of bodily injury to or death of two or more persons in any one accident, . . . .

50

Affirmed.

*Kenneth S. Robbins (Stephen H. Brandt* and *Harold Chu* with him on the briefs) for Plaintiff-Appellant.

*Myer C. Symonds (Bouslog & Symonds* of counsel) for Defendant-Appellee.