AMERICAN INSURANCE COMPANY, Plaintiff-Appellee, *v.* HERBERT R. TAKAHASHI, Administrator of the Estate of CHIYOKO FUKUMOTO, MASASHI FUKUMOTO and KAREN FUKUMOTO, Defendants-Appellants

NO. 6244

MARCH 8, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY OGATA, J.

This appeal presents questions similar to those which we considered in *Allstate Insurance Co. v. Morgan,* 59 Haw. 44, 575 P.2d 477 (1978). We must determine whether the insureds under an automobile liability insurance policy covering two automobiles are entitled to recover uninsured motorist insurance benefits of $20,000 (the stated amount of

coverage on only one of the automobiles insured under the policy) or $40,000 (the combined amount of coverage on both of the automobiles insured under the policy) when the insureds were injured while traveling in a third, independently owned and insured automobile.

We are of the view that our holding in *Morgan, supra,* necessitates the conclusion that the insureds in this case are entitled to recover $40,000 in uninsured motorist benefits.

On March 16, 1974, Masashi Fukumoto was operating an American Motors Hornet automobile in which his wife, Chiyoko Fukumoto, his daughter, Karen Fukumoto, and Irene Elam were passengers. The Hornet was owned by Karen Fukumoto, who resided in the same household as her parents, Masashi and Chiyoko Fukumoto. On that day, the Hornet was struck by an automobile driven by Michael Nardin, who was an uninsured motorist. Chiyoko Fukumoto died as a result of injuries suffered in the accident, while Masashi Fukumoto, Karen Fukumoto and Irene Elam sustained injuries.

Judgment was obtained against Michael Nardin by several plaintiffs, including Masashi Fukumoto, Karen Fukumoto, and Herbert Takahashi, administrator of the Estate of Chiyoko Fukumoto.[1] The Hornet was insured by Fireman's Fund Insurance Company under a policy issued to Karen Fukumoto. Payment of $20,000 was duly made under the uninsured motorist provisions of that insurance policy, and the said policy is not involved in this appeal.

On March 16, 1974, there was also in effect an automobile liability insurance policy issued to Masashi Fukumoto by plaintiff-appellee American Insurance Company (hereinafter referred to as American). The policy listed a Buick Skylark and a Toyota Corona as the insured vehicles. Under the terms of the policy, uninsured motorist insurance was provided in the amount of "$20,000 each accident".

Masashi Fukumoto and the Estate of Chiyoko Fukumoto made demand upon American for payment of $40,000 in

---

[1] The total judgment obtained by these three plaintiffs alone amounted to $87,901.18.

uninsured motorist benefits under the liability policy issued to Masashi Fukumoto. American denied that the uninsured motorist provisions in the policy were applicable in this case, and it refused to make any uninsured motorist benefit payments to Masashi Fukumoto, the Estate of Chiyoko Fukumoto, or Karen Fukumoto.[2] American subsequently filed its complaint for declaratory relief, asserting that it was relieved from providing uninsured motorist benefits under the specific terms of the policy. The complaint alternatively alleged that if American was in fact required to pay uninsured motorist benefits under the policy, such payments were limited to the sum of $20,000.

Defendants-appellants maintained that the limit of uninsured motorist coverage to which they were entitled was $40,000, and they moved for summary judgment. American thereafter filed its own motion for summary judgment.

The court below granted summary judgment in favor of appellants on the issue of whether American was obligated to pay any uninsured motorist insurance benefits to them. American has not taken issue with this portion of the judgment. However, although the court ruled that appellants were entitled to receive uninsured motorist benefits from American, it granted summary judgment in favor of American with regard to the available limit of such uninsured motorist coverage. Thus, American was held liable for a maximum of

---

[2] Although only Masashi Fukumoto and the Estate of Chiyoko Fukumoto made demand upon American for recovery of uninsured motorist benefits, it is clear that all three Fukumotos were "insureds" under the terms of the American policy. The policy provides in pertinent part as follows:

Under the Uninsured Motorists Coverage, the following are insureds:

(a) the named insured and any relative,

(b) any other person while occupying an insured aumotobile,

\*     \*     \*     \*     \*

"[R]elative" means a person related to the named insured by blood, marriage or adoption who is a resident of the same household; . . . .

It follows from these provisions that Masashi Fukumoto, Chiyoko Fukumoto and Karen Fukumoto were all "insureds" and were covered by the uninsured motorist insurance provisions of the policy.

$20,000, and not $40,000 as contended by appellants.

Appellants appeal from this latter portion of the decision of the court below. We reverse the denial of that portion of appellants' motion for summary judgment.

Our very recent decision in the *Morgan* case, *supra*, is dispositive of the issues in the instant case. We held in *Morgan* that HRS § 431-448 requires that separate uninsured motorist insurance coverage must be provided in at least the minimum statutorily required amounts for each automobile insured under a single liability insurance policy.[3]

In *Morgan*, three automobiles were insured under a single liability policy. We concluded that under the provisions of HRS §§ 431-448 and 287-7, $10,000 of per person uninsured motorist coverage was separately provided for each of the insured automobiles.[4] We further found that the insured in *Morgan* need not have been operating or riding in any of the automobiles insured under the policy in order to recover uninsured motorist benefits. Consequently, in view of the fact that full uninsured motorist coverage was available to the insured when she was traveling in a vehicle not insured under

---

[3] HRS § 431-448 provides as follows:

*Automobile liability; coverage for damage by uninsured motor vehicle.* No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle, shall be delivered, issued for delivery, or renewed in this State, with respect to any motor vehicle registered or principally garaged in this State, unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in section 287-7, under provisions filed with and approved by the insurance commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom, provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage in writing.

[4] HRS § 287-7 provides as follows:

[E]very such [automobile liability] policy . . . is subject, if the accident has resulted in bodily injury or death, to a limit, exclusive of interest and costs, of not less than $10,000 because of bodily injury to or death of one person in any one accident and, subject to such limit for one person, to a limit of not less than $20,000 because of bodily injury to or death of two or more persons in any one accident, . . . .

the policy at the time the injury occurred, we held that the insured was entitled under HRS § 431-448 to recover $10,000 of uninsured motorist coverage on *each* of the automobiles insured under the policy. Therefore, the insured in *Morgan* was allowed to recover a combined total of $30,000 in uninsured motorist insurance benefits.

In the instant case, the court below ruled that the limits of liability clause contained in Masashi Fukumoto's policy clearly and unambiguously limited appellants to a total recovery of $20,000 for this accident.[5] The court specifically referred to the provision in the limits of liability clause which stated that *regardless* of the number of automobiles covered by the policy, uninsured motorist coverage for bodily injury sustained by "one or more persons as the result of any one accident" was limited to the amount specified in the declaration sheet. The court thus interpreted the limits of liability clause as validly limiting American's uninsured motorist liability to a maximum of $20,000, which is the "per accident" coverage specified in the declaration sheet of the policy.

We find that the result reached by the court below is wholly inconsistent with our *Morgan* decision. As we stated in *Morgan*, each automobile insured under a liability policy carries uninsured motorist protection in at least the minimum statutory amounts. These minimum amounts are described in HRS § 287-7, which requires a minimum of $10,000 of uninsured motorist coverage when one person is injured or killed in an accident, up to an overall minimum limit of $20,000 when more than one person is injured or killed in an accident.

In *Morgan*, only one insured person was injured by the uninsured motorist, and the applicable minimum statutory

---

[5] The limits of liability clause provides in pertinent part as follows:

Regardless of the number of . . . (4) automobiles or trailers to which this policy applies,

. . . .

(C) the limit for Uninsured Motorists Coverage stated in the declarations as applicable to "each accident" is the total limit of the company's liability for all damages because of bodily injury sustained by one or more persons as the result of any one accident.

coverage was thus $10,000. This coverage applied to each of the three insured vehicles pursuant to HRS § 431-448. Here, however, three insured individuals were injured, one of them fatally, by the uninsured motorist. Therefore, since two or more insured persons were injured or killed in the accident, the applicable minimum statutory uninsured motorist coverage in the instant case is $20,000. In light of our construction in *Morgan* of HRS § 431-448, this coverage applies separately but fully to both automobiles insured under the policy issued to Masashi Fukumoto.

Of course, the Fukumotos were not traveling in either of the two vehicles insured under the American policy at the time of the accident. However, as in *Morgan,* the insureds were not required to have been traveling in either insured vehicle at the time of the accident in order to recover uninsured motorist benefits.[6] Therefore, consistent with our reasoning in *Morgan,* we find that appellants are entitled to recover the statutorily provided coverage of $20,000 for each of the vehicles insured under the policy, or a combined total recovery of $40,000.

We hold that the limits of liability clause in the policy before us is invalid insofar as it attempts to defeat the statutory requirements of HRS § 431-448. American cannot reduce its liability for uninsured motorist coverage below the statutorily required minimum amounts for each insured vehicle. *See Walton v. State Farm Mutual Automobile Insurance Co.,* 55 Haw. 326, 518 P.2d 1399 (1974). Therefore, the limitation of uninsured motorist coverage to a maximum of $20,000 "regardless" of the number of automobiles to which the policy applies is null and void.

The Order entered by the court below is reversed to the extent that it denies summary judgment in favor of appel-

---

[6] Appellants all qualify as "insureds" under category (a) of the definition of "insured" under this policy. *See* n. 2, *supra.* Category (a) of the definition of "insured" contains no requirement that the named insured or relatives must have been traveling in a vehicle insured under the policy in order to recover uninsured motorist benefits.

lants. We hold that appellants are entitled to recover $40,000 from American.

Reversed in part and remanded with directions that summary judgment be entered in favor of appellants.

*Myer C. Symonds (Bouslog & Symonds* of counsel) for Defendants-Appellants.

*James F. Ventura (Libkuman, Ventura, Moon & Ayabe* of counsel) for Plaintiff-Appellee.