AMERICAN INSURANCE COMPANY, Plaintiff-Appellee, *v.* HERBERT R. TAKAHASHI, Administrator of the Estate of CHIYOKO FUKUMOTO, MASASHI FUKUMOTO and KAREN FUKUMOTO, Defendants-Appellants

NO. 6244

APRIL 3, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

*Per Curiam.* Plaintiff-appellee (Insurer) seeks a rehearing of this appeal.

Insurer asserts that Masashi Fukumoto and Karen Fukumoto have already been fully compensated by Fireman's Fund Insurance Company for the injuries which they suffered in the accident. Therefore, Insurer contends that it is no longer required to compensate Masashi and Karen Fukumoto for any damages which they have suffered, thus leaving only the Estate of Chiyoko Fukumoto as an "insured" under the policy issued by Insurer. Hence, it is argued that under our decision in *Allstate Insurance Co. v. Morgan,* 59 Haw. 44, 575 P.2d 477 (1978), Insurer should be liable for a maximum of only $10,000 in uninsured motorist insurance benefits per insured vehicle, and not $20,000 per insured vehicle as provided for by the decision previously rendered in this case.

As we made clear in *Morgan,* an insured is entitled to in fact recover no more than an amount sufficient to compensate for actual damages suffered. *Id.* at 47, 575 P.2d at 479 n. 4. Therefore, it is implicit that the actual amount which defendants-appellants (Insureds) recover from Insurer may be less than the stated maximum of $40,000 ($20,000 for each of two vehicles), depending upon the actual damages which the Insureds have suffered. Moreover, it is settled that in the

event that an insured has already received insurance payments from other insurers, that insured will be entitled to receive from his or her own insurer only the difference between the total actual damages which he or she has suffered and the total amount which he or she has received from the other insurers. *See Walton v. State Farm Mutual Automobile Insurance Co.*, 55 Haw. 326, 518 P.2d 1399 (1974); *see also Palisbo v. Government Employees Insurance Co.*, 57 Haw. 10, 547 P.2d 1350 (1976).

However, the fact that certain insureds have been compensated by other insurers for their damages has no effect upon the determination, for purposes of HRS § 287-7, of the total number of "insureds" covered under a policy of automobile liability insurance. In the instant case, three persons who were in fact covered by Insurer's policy were injured in the accident. The total maximum potential recovery to which they are entitled is thus $20,000 per insured vehicle, or a total of $40,000 in this instance.

Our stated result fully resolves the question presented for decision by the parties in this case. In light of the views expressed herein, we see no justification for a rehearing of this appeal.

The petition for rehearing is denied without argument.