**Duane A. SMITH, Plaintiff,**

v.

**STATE FARM INSURANCE COMPANY, Defendant.**

Civ. No. 85–0527.

United States District Court, D. Hawaii.

Aug. 15, 1985.

---

Gill Park Park & Kim, Gordon Kim, Arthur Y. Park, Honolulu, Hawaii, for plaintiff.

Kobayashi, Watanabe, Sugita & Kawashima, James Kawashima, Randall Y. Yamamoto, Honolulu, Hawaii, for defendant.

### DECISION AND ORDER DENYING MOTION TO REMAND

PENCE, Senior District Judge.

Facts

On Sept. 16, 1978, Duane A. Smith was seriously injured when a car crashed in which he was a passenger. The car was driven and owned by Leonard Barbieto. State Farm, Barbieto's no-fault insurer, paid Smith its policy limit of $15,000.

Smith's parents had a no-fault insurance policy with the same insurer, State Farm, on their car. This policy covered Smith up to $50,000. When the Barbieto no-fault policy was exhausted, State Farm paid Smith $35,000 on his parents' policy under the Hawaii no-fault statute, H.R.S. chapter 294. State Farm refused to pay the balance of the policy, $15,000.

Under H.R.S. section 294–5(d), the policy primarily applicable to Smith's medical expenses was that covering the vehicle occupied by the injured person at the time of the accident, or Barbieto's vehicle. In denying Smith's claim for the balance of the policy, State Farm relied on paragraph 4 of the "Conditions" portion of the policy, which provided that policies other than the primary one "shall apply as excess to the extent their respective aggregate limits exceed those of the primary policy." The clause added that "the maximum recovery under all insurance" was the "amount which would have been payable under the provisions of the insurance providing the highest dollar limit...."

On May 14, 1985, Smith sued in state court for a declaratory judgment that State Farm owed him the additional $15,000 on his parents' policy. On June 5, 1985, State Farm filed a petition for removal to this court under 28 U.S.C. sections 1332, 1441, 1446. Before this court today is Smith's motion for remand.

*Analysis*

 Smith advances two grounds to support his argument that the case should be remanded to state court.

I

28 U.S.C. section 1332(c) provides in pertinent part:

For the purpose of this section ... a corporation shall be deemed a citizen of any state by which it has been incorporated and of the state where it has its principal place of business: *Provided further,* That in any direct action against the insurer of a policy or contract of liability insurance...to which action the insured is not joined as a party defendant, such insurer shall be deemed a citizen of the state of which the insured is a citizen....

As plaintiff herein, Smith, the insured, is, obviously, not joined as a defendant. Urging that the above quoted language be read

literally, he argues that there is no diversity jurisdiction because State Farm should be considered a citizen of the same state as the insured.

 Smith cites several cases in support of his contention. They are not in point. In none of them did plaintiff sue his own insurance company. For example, in *McMurry v. Prudential Property and Casualty Ins. Co.*, 458 F.Supp. 209 (E.D. Mich.1978), the court held that section 1332(c), *supra*, applied to no-fault cases because they were direct actions. However, the insured was not the plaintiff. Properly, section 1332(c) applies in third-party tort liability cases, in which the insured is the defendant-tortfeasor, not the plaintiff-victim who is suing his own insurer on a contract theory. *Thornton v. Allstate*, 492 F.Supp. 645 (E.D.Mich.1980).

State Farm covered the vehicles of both the driver, Barbieto, and the plaintiff, Smith. That its liability to Smith may have arisen in the first place because of the possible negligence of a third party, Barbieto, does not dispose of the issue. The extent of the insurer's liability to Smith on Smith's family's own policy is the subject of this action. State Farm is not an insurer of a third party with respect to the particular policy sued upon.

Smith's reading would, of course, automatically destroy diversity jurisdiction in every case where an insured sued his insurer. Common sense dictates against this result, as does the very wording of section 1332(c). The statute refers to cases in which the insured is not joined as a defendant. This plainly was not meant to cover a case where the insured is the plaintiff.

This court holds that section 1332(c) does not apply to destroy its diversity jurisdiction in this case.

## II

Smith also urges that the state courts be allowed to rule on whether the policy language on which the insurer relied in denying payment of the last $15,000 is valid under the Hawaii no-fault law. In *Yama-*

*guchi v. State Farm*, 706 F.2d 940 (9th Cir.1983), the court held that the no-fault statute permits stacking. In light of this development, argues Smith, the state courts should provide the definitive ruling on a policy provision which limits overall secondary recovery.

 Generally, the validity and construction of an insurance contract is determined by the law of the state where the contract was made. *Lowery v. Kovac*, 320 F.Supp. 215 (D.Ct.1970).

 A federal court may abstain from exercising its jurisdiction if it believes that an important, unsettled issue of state law is involved, and that the incorrect resolution of that issue would threaten important state policies. *Miller-Davis Co. v. Illinois State Toll Highway Authority*, 567 F.2d 323 (7th Cir.1977).

 A federal court will abstain from hearing diversity declaratory judgment actions for construction of an insurance policy only if doubtful, unresolved state law issues are present in a field of law where the state has shown its interest by significant legislative activity and administrative regulation. *Smith v. Metropolitan Property & Liability Ins. Co.*, 483 F.Supp. 673 (D.Ct.1980).

Smith acknowledges that the issue before this court was resolved adversely to his position in *Yamaguchi, supra*. In that case, the primary insurer of the car in which the injured passenger was riding paid its policy limit of $15,000. The injured passenger had no-fault coverage on two cars of $50,000 each. This court awarded the passenger $100,000, 515 F.Supp. 186 (Shiro Kashiwa, J., Court of Claims, sitting by designation). On appeal, this was reduced to $35,000, giving effect to limiting policy language similar to that here.

The decision was contrary to an earlier ruling by the state Supreme Court on a similar, although not identical, issue. In *Walton v. State Farm*, 55 Hawaii 326, 518 P.2d 1399 (1974), the insured passenger was injured in an accident in which the other car was driven by an uninsured mo-

torist. The passenger received the policy limit of $10,000 in uninsured motorist benefits from the driver's carrier. His insurer declined to pay him its own $10,000 uninsured motorist benefit. It relied on language in its policy specifying that the policy provided only excess coverage over other applicable insurance. The court held this limiting language invalid as repugnant to the uninsured motorist statute, H.R.S. 431–448, which required insurers to offer uninsured motorist coverage.

Obviously, the *Walton* court construed a different statute from that in *Yamaguchi.* Yet, the *Walton* holding illustrates the Hawaii Supreme Court's disapproval of language in secondary insurance policies limiting liability to the amount by which their coverage exceeds that afforded by other applicable policies. *Yamaguchi* and the instant case raise the same issue. If *Walton* were followed, the state courts might possibly rule contrary to *Yamaguchi* on this issue.

Smith also points out that if the case is not remanded, the issue may never be decided by the Supreme Court of Hawaii because insurance companies will always remove such cases as this to federal court.

Nonetheless, this court declines to remand the case to state court. While the state court in *Walton* and the federal court in *Yamaguchi* decided not dissimilar issues differently, this court believes that *Yamaguchi* squarely interpreted the Hawaii no-fault law at issue in this case. As it is this Circuit's precedent, *Yamaguchi* is binding on this court. *Hasbrouck v. Texaco,* 663 F.2d 930, 933 (9th Cir.1981). Even though *Yamaguchi* is not binding on the state court, the issue cannot be considered unresolved.

The state has, of course, shown its interest in the subject of no-fault insurance by enacting a detailed no-fault statute. However, this court finds nothing in the record to support Smith's argument that applying federal case law, which is the only authority squarely in point, to resolve the question presented would threaten any significant state policy evidenced by the passage of the no-fault statute or by state administrative regulation thereunder.

It is ORDERED that Smith's motion to remand be, and it hereby is, DENIED.