**Colleen LEMEN, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, an Illinois Corporation, Defendant.**

**Civ. No. 94–00497 ACK.**

United States District Court,
D. Hawaiʻi.

March 31, 1995.

---

Virgil James Wilson, Daniel Patrick Kirley, Law Offices of Ian L. Mattoch, Honolulu, HI, for plaintiff.

Joel D. Kam, Richard B. Miller, McCorriston Miho & Miller & Mukai, Honolulu, HI, for defendant.

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

KAY, Chief Judge.

### BACKGROUND

On June 27, 1994, Plaintiff Lemen filed a complaint seeking declaratory relief. Lemen claims that she is entitled to underinsured motorist ("UIM") benefits pursuant to her father's Allstate automobile insurance policy. Over six months later, the parties filed cross-motions for summary judgment.

### FACTS

Lemen's claim for UIM benefits under her father's policy is related to injuries she sustained in a February 8, 1994 automobile accident in Hilo, Hawaii.

Her father's policy was issued and delivered in Alaska, and insures two of her father's automobiles, both of which are located in Alaska.

At the time of the accident, Lemen was driving a 1977 Datsun pick-up truck which was registered in her own name. Her truck was not insured.

On the date of the accident, Lemen was a student at the University of Hawaii at Hilo.

The parties have stipulated that Lemen is a resident and citizen of Alaska and, for insurance purposes, that she qualifies as an insured "resident relative" under her father's Alaska policy.[1]

---

1. According to the Allstate policy, a "resident" is defined as:

    a person who physically resides in your household with the intention of continuing residence there. *Your unmarried dependent children while temporarily away from home will be considered residents* if they intend to resume residing in your household.

    *See* Allstate Alaska Automobile Amendatory Endorsement at 5, attached as Exhibit "A" to Decla-

The insurance policy does not have a choice of law clause.

## DISCUSSION

### I. The Summary Judgment Standard

Summary judgment shall be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). One of the principal purposes of the summary judgment procedure is to identify and dispose of factually unsupported claims and defenses. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Summary judgment must be granted against a party who fails to demonstrate facts to establish an element essential to his case where that party will bear the burden of proof of that essential element at trial. *Id.* at 322, 106 S.Ct. at 2552.

> If the party moving for summary judgment meets its initial burden of identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact, the nonmoving party may not rely on the mere allegations in the pleadings in order to preclude summary judgment.

*T.W. Electrical Serv. v. Pacific Elec. Contractors Assoc.,* 809 F.2d 626, 630 (9th Cir. 1987) (citations omitted). Instead, Rule 56(e) requires that the nonmoving party set forth, by affidavit or as otherwise provided in Rule 56, "*specific facts* showing that there is a genuine issue for trial.'" *Id.* (quoting Fed.R.Civ.P. 56(e)). At least some "'significant probative evidence tending to support the complaint'" must be produced. *Id.* (quoting *First Nat'l Bank v. Cities Serv. Co.,* 391 U.S. 253, 290, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968)). Legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment. *British Airways Bd. v. Boeing Co.,* 585 F.2d 946, 952 (9th Cir.1978), *cert. denied,* 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 .(1979).

The standard for a grant of summary judgment reflects the standard governing the

ration of Sandra Teorey in Defendant's Motion

grant of a directed verdict. *See Eisenberg v. Ins. Co. of North America,* 815 F.2d 1285, 1289 (9th Cir.1987) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)). Thus, the question is whether "reasonable minds could differ as to the import of the evidence." *Id.*

The Ninth Circuit has established that "[n]o longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment." *California Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1468 (9th Cir.1987), *cert. denied,* 484 U.S. 1006, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988). Moreover, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (footnote omitted). Indeed, "if the factual context makes the non-moving party's claim *implausible,* that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." *Franciscan Ceramics,* 818 F.2d at 1468. Of course, all evidence and inferences to be drawn therefrom must be construed in the light most favorable to the nonmoving party. *T.W. Elec. Services,* 809 F.2d at 630–31.

### II. Hawaii Law Applies, The Exclusion Is Void, And Lemen Is Entitled To Coverage

The parties seek a ruling determining whether Allstate owes a duty to Lemen to pay UIM benefits under the Allstate insurance contract.

The insurance policy on which Lemen bases her suit excludes coverage where, as is undisputed here, an insured (Lemen) is injured while occupying an uninsured vehicle (her truck) which is owned by the named insured (her father) or by a resident relative

for Summary Judgment (emphasis added).

of that named insured (Lemen).[2] This is known as the "owned vehicle" exclusion.

### A. Choice Of Law Analysis: Hawaii Law Applies

Whether Lemen is entitled to UIM coverage under an insurance policy which includes the owned vehicle exclusion depends on a choice of law analysis.

#### 1. Choice Of Law Standard

■ In diversity cases, the Court must apply the forum's law in resolving conflict of laws issues. *See Van Dusen v. Barrack,* 376 U.S. 612, 628, 84 S.Ct. 805, 815, 11 L.Ed.2d 945 (1964); *Lettieri v. Equitable Life Assurance Society of the U.S.,* 627 F.2d 930, 932 (9th Cir.1980). Hawaii resolves its conflict of laws issues by deciding which State has the strongest interest in seeing its law applied to a particular case. *See Lewis v. Lewis,* 69 Haw. 497, 499, 748 P.2d 1362 (1988); *Peters v. Peters,* 63 Haw. 653, 634 P.2d 586 (1981). There is a presumption that Hawaii law applies unless another state's law "would best serve the interests of the states and persons involved." *Peters,* 63 Haw. at 660, 634 P.2d 586. The Hawaii Supreme Court phrased the rule as "an assessment of the interests and policy factors involved with a purpose of arriving at a desirable result in each situation." *Id.* at 664, 634 P.2d 586; *see also Beals v. Kiewit Pacific Co., Inc.,* 825 F.Supp. 926, 930 (D.Haw.1993) (following *Peters*). The Supreme Court was also guided by the Restatement (Second) of Conflict of Laws, § 145 (1971) which provides that in determining which state has the most significant relationship to the occurrence and the parties, courts should consider:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

Restatement (Second) of Conflict of Laws, § 145 (1971). The Restatement provides that these contacts are to be evaluated according to their relative importance with respect to the particular issue.

#### 2. Hawaii Law Applies

■ Applying this test, the Court finds that Hawaii law is the appropriate choice of law because Hawaii has the stronger interest in seeing its laws applied.

First, the accident occurred in Hawaii. Second, at the time of the accident, though Lemen was a resident of Alaska, she was living in Hawaii and attending the University of Hawaii as a full-time student.

Third, under Hawaii law, Lemen has rights to insurance benefits pursuant to her father's automobile insurance policy. This is true because under Hawaii law UIM coverage, like the analogous uninsured motorist ("UM") coverage, follows the insured person and not the insured vehicle.[3] For purposes of UIM coverage, therefore, it does not matter that the insured cars were garaged in Alaska, that her father did not own the car

---

**2.** The Allstate policy states: *"Allstate will not pay any damages* an insured person is legally entitled to recover *because of ... bodily injury* or property damage *sustained while in,* on, getting into or out of or when struck by *an* uninsured or *underinsured motor vehicle which is owned by you or a resident relative."* *See* Allstate Alaska Automobile Amendatory Endorsement at 13, attached as Exhibit "A" to Declaration of Sandra Teorey in Defendant's Motion for Summary Judgment (emphasis added).

**3.** *See Dawes v. First Insur. Co. of Hawai'i, Ltd.,* 77 Hawai'i 117, 883 P.2d 38, 44–45 (1994) (stating that UM coverage follows the insured's person, not the insured vehicle; explaining that insured and family member are insured no matter

where they are injured—whether in an owned vehicle not named in the policy, on a motorcycle, on horseback, or on a pogo stick); *Allstate Insur. Co. v. Morgan,* 59 Haw. 44, 47–48, 575 P.2d 477 (1978) (finding that nature of UM insurance is such that an insured is covered whether or not he or she is injured while in a vehicle which is insured under the policy; declaring that daughter was entitled to recover UM insurance benefits from Allstate even though she was injured while operating a vehicle not covered by the policy); *see also Allstate Insur. Co. v. Hirose,* 77 Hawai'i 362, 367, 884 P.2d 1138 (1994) (positing that the legislative history indicates that UM and UIM have the same purpose and should be treated alike).

she was driving, or that the car she was driving was uninsured.

Fourth, the Hawaii Supreme Court has articulated a strong interest in protecting the rights of persons within the state to recover benefits pursuant to automobile insurance policies.[4] Applying Alaska law (which would deny coverage) would frustrate Hawaii's state policy to protect persons injured within its boundaries.

In favor of applying Alaska law, Allstate cites two cases, *Field v. Liberty Mutual Insur. Co.*, 769 F.Supp. 1135 (D.Haw.1991) and *Smith v. State Farm Insur. Co.*, 615 F.Supp. 453 (D.Haw.1985), for the proposition that the law of the state where an insurance contract is made governs. However, these decisions concerning state law are not binding on this Court as they are not rulings made by the Hawaii Supreme Court. On state law matters, a federal district court's decision is only persuasive authority at best.

Moreover, in *P.W. Stephens Contractors, Inc. v. Mid American Indemnity Insur. Co.*, 805 F.Supp. 854, 857 (D.Haw.1992), the court rejected the per se rule set forth in those cases. First, the *P.W. Stephens* Court stated:

> [T]he *Field* and *Smith* decisions did not use the choice of law rules of the forum state (Hawaii) as required by the [United States] Supreme Court's decision[s] in *Erie* and *Klaxon* [*Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477] [(1941)]. Thus, if the result from applying *Field*'s "rule" conflicts with

the result from applying Hawaii's interest balancing approach, then *Field* must yield.

*Id.* Second, the *P.W. Stephens* Court continued:

> [E]ven if *Field* and *Smith* are viewed as a shortcut to reaching the correct choice of law result ... [the general rule relied on in those cases] is that, *in the absence of a showing that an insurance contract is to have its operative effect in a jurisdiction other than the place it was entered into,* the validity and construction of the contract are determined by the law of the state where the contract was made.

*Id.* (emphasis added); *see also id.* at 856 (citing *Industrial Indemnity Insur. Co. v. United States,* 757 F.2d 982 (9th Cir.1985) for the assertion that "[t]he place of contracting is relatively insignificant when there is no other significant relationship between the transaction and that place."). In this case, as discussed above, Lemen has made a proper showing that the policy should have operative effect elsewhere—specifically, in Hawaii.

Finally, though the insurance policy in *P.W. Stephens* was issued for work to be performed entirely in Hawaii, Allstate cannot distinguish this case on that ground, because (1) Allstate's policy extends to accidents occurring throughout the entire United States[5] and (2) it is foreseeable that an insured family member might temporarily live out-of-state and suffer a car accident, thereby subjecting Allstate to the law of a foreign state.

---

4. *See Methven–Abreu v. Hawaiian Insur. & Guaranty Co., Ltd.,* 73 Haw. 385, 395–96, 834 P.2d 279 (1992) (citing *Kau v. State Farm Mutual Automobile Insur. Co.,* 58 Haw. 49, 51, 564 P.2d 443 (1977), for the propositions that Hawaii's motorist statute is to be liberally construed to accomplish its remedial purposes and give effect to the legislative intent, and that the owned vehicle exclusion is void as against public policy); *DeMello v. First Insur. Co. of Hawaii, Ltd.,* 55 Haw. 519, 523–24 & n. 4, 523 P.2d 304 (1974) (stating that purpose of Hawaii's motorist statute is to promote protection, through voluntary insurance, for persons who are injured by uninsured motorists who cannot pay for personal injuries caused by motor vehicle accidents); *see also* Allstate Opposition, at 16 (stating that Hawaii law "admittedly extends broad protection to Hawaii insureds").

5. The Allstate policy states: "During the premium period, *your policy applies to* losses to the auto, *accidents* and occurrences *within the United States of America,* its territories or possessions or Canada, or between their ports." Allstate Automobile Policy, at 3, attached as Exhibit "A" to Declaration of Sandra Teorey in Defendant's Motion for Summary Judgment (emphasis added).

In addition, as Allstate points out, the policy lacks a choice of law provision. *See* Allstate Reply, at 2. This indicates that the policy is not bound to any one particular set of guidelines concerning choice of law, and may be subject to analysis under the choice of law of a foreign state.

**B. Under Hawaii Law, The Exclusion Is Void And Lemen Is Entitled To Coverage**

In their summary judgment motions, both parties conceded that if the Court applies Hawaii law, the owned vehicle exclusion will be considered void and coverage will apply, whereas if the Court applies Alaska law, the exclusion will be valid and coverage will be denied.[6] *See* Plaintiff's Motion For Summary Judgement, at 2; Defendant's Motion For Summary Judgment, at 9 n. 2, 10–13.

By the time Allstate filed its opposition brief, however, it had reversed its position concerning the outcome of this action under Hawaii law. In light of *National Union Fire Insur. Co. v. Reynolds,* 77 Hawai'i 490, 889 P.2d 67 (App.1995), a Hawaii Intermediate Court of Appeals case decided after Allstate filed its summary judgment motion, Allstate claims that the exclusion is now valid under Hawaii law, and that Lemen will be denied coverage regardless of which state's law applies.

A review of the case law reveals that in various situations the owned vehicle exclusion is either valid or void. In cases where the injured claimant attempts to collect liability coverage and UIM coverage under (1) the same policy or (2) separate policies where the claimant qualifies as an insured under both the liability policy and the UIM policy, courts have upheld the exclusion. *See National Union Fire Insur. Co. v. Reynolds,* 77 Hawai'i 490, 889 P.2d 67 (App.1995) (upholding exclusion where party seeks liability and UIM coverage under same policy); *Kim v. State Farm Mutual Automobile Insurance Co.,* 952 F.2d 314 (9th Cir.1991) (upholding exclusion where party seeks liability and UIM benefits under separate policies owned by same policyholder); *Kang v. State Farm Mutual Automobile Insurance Co.,* 72 Haw. 251, 815 P.2d 1020 (1991) (same as *Reynolds* ).

The Ninth Circuit in *Kim* articulated the basis for upholding the exclusion in these situations:

[T]o invalidate the exclusion would be to permit policyholders to substitute inexpensive UIM coverage for more expensive liability coverage.... "Consequently, insurers would undoubtedly be compelled to increase the premiums for underinsured motorist coverage, thereby frustrating the legislative objective of optional [UIM] protection at the least possible cost." *Kang,* 815 P.2d at 1025. Thus, in the view of the Hawaii Supreme Court, there was in *Kang* not only an absence of public policy against State Farm's exclusionary clause, there was a public policy supporting it.

*Kang* involved only one policy, and our case involves more than one policy, all owned by the same policyholder. We cannot see how this distinction can lead to a different result if we accept, as we must, the rationale of the Hawaii Supreme Court in *Kang.* Were we to invalidate State Farm's exclusion in this case, it would cause the very mischief that the Hawaii Supreme Court strove to avoid in *Kang.* Edward Kim, as holder of three State Farm policies, would have succeeded in purchasing minimum liability coverage and in having his inexpensive UIM coverage do service as excess liability coverage. Other owners of multiple policies would have an incentive to do the same.

> . . . .

Finally, and most important, in [*State Farm Mutual Automobile Insurance Company v.*] *Duran* [163 Ariz. 1, 785 P.2d 570] [ (1989) ] the accident vehicle, unlike the accident vehicle in our case, was not owned by the injured party, her parents, or the owner of the policy under which UIM benefits were claimed. The ruling therefore did not have the effect of permit-

---

**6.** *See Burton v. State Farm Fire and Cas. Co.,* 796 P.2d 1361, 1363 (Alaska 1990) (stating that, in Alaska, UM and UIM coverage do not protect an insured while occupying an uninsured vehicle owned by the insured or a relative); Alaska Stat. § 28.20.445(d)(1) (1994) (stating that UIM cover-age does not apply to bodily injury to an insured (Lemen) that occurs while insured is in a vehicle owned by, but not insured by, the named insured or the insured's relative (Lemen) residing in the same household); Alaska Stat. § 28.22.231(1) (1994) (same).

ting a policyholder to convert his or her UIM coverage into liability coverage. *Kim,* 952 F.2d at 316–17.

In a second line of cases, where an injured individual solely seeks UM coverage (and not any liability benefits) as an insured claimant under a personal or family member's policy, courts have found the exclusion void. *See Methven–Abreu,* 73 Haw. 385, 394–98, 834 P.2d 279 (1992) (finding owned vehicle exclusion void as in contravention of UM statute and that the "financial irresponsibility of injured in not insuring their own vehicles is irrelevant to the determination of eligibility for uninsured motorist protection."); *Kau v. State Farm Mutual Auto Ins.,* 58 Haw. 49, 50–51, 564 P.2d 443 (1977) (finding owned vehicle exclusion void as in contravention of UM statute); *see also Allstate Insur. Co. v. Hirose,* 77 Hawaiʻi 362, 367, 884 P.2d 1138 (1994) (positing that the legislative history indicates that UM and UIM have the same purpose and should be treated alike).

■ In this case, the dual recovery dilemma set forth in the first line of cases does not apply because the liability benefits were received from a third-party's policy. Since the only item Lemen seeks from her father's policy is UIM coverage, there is no risk of UIM coverage being improperly substituted for liability coverage. Under these circumstances, the Court finds that this matter follows the second line of cases addressed above, and that consequently the Allstate owned vehicle exclusion is void. *See also Paylor v. Hartford Insurance Co.,* 536 Pa. 583, 595, 640 A.2d 1234 (1994) (stating that "family car exclusion" valid where plaintiff attempts to convert UIM coverage into liability coverage, but otherwise invalid as against public policy); *Marroquin v. Mutual Benefit Insurance Co.,* 404 Pa.Super. 444, 455–56, 591 A.2d 290 (1991) (noting that provision presumed invalid which excludes UIM benefits when the insured is injured while occupying a vehicle owned by the insured or family member, but that provision valid where plaintiff attempts to convert UIM coverage into liability coverage); *Kelly v. Nationwide Insurance Co.,* 414 Pa.Super. 6, 18, 606 A.2d 470 (1992) (same as *Marroquin* ); *American Family Mutual Insurance Co. v. Luhman,*

438 N.W.2d 453, 455 (Minn.App.1989) (upholding family owned vehicle exclusion in cases where granting coverage would convert inexpensive UM or UIM coverage into expensive liability coverage).

### CONCLUSION

For the foregoing reasons, this Court GRANTS Plaintiff Lemen's motion for summary judgment. The Court finds that the law of the state of Hawaii is the appropriate choice of law, that under the facts of this case the owned vehicle exclusion is void under Hawaii law, and that, as a result, Lemen is entitled to coverage under the Allstate policy. Consequently, the Court DENIES Defendant Allstate's cross-motion for summary judgment.

IT IS SO ORDERED.